UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THOMAS JENNINGS,

              Plaintiff,                      **COMPLAINT AND JURY DEMAND**

  -against-

THE CITY OF NEW YORK, Police Officer
PEARCE MARTINEZ, Shield No. 5461,
Sergeant LENNY LUTCHMAN, Shield No. 17480,
JOHN DOE NUMBER 1 through 5, each
officer in his individual and official capacity
as an employee of the City of New York, XYZ
CORP., a fictitious name for the entity d/b/a
NEW YORK FRIED CHICKEN, INC.,
RAHMAN MUHIBUR, an employee of XYZ
CORP., a fictitious name for the entity d/b/a
NEW YORK FRIED CHICKEN, INC.,

              Defendants.
-------------------------------------------------------------X

      The Plaintiff, THOMAS JENNINGS, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

      1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

      2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the

First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

6. Plaintiff THOMAS JENNINGS ("plaintiff" or "Mr. Jennings") was at all material times resident of the City of New York, New York State, and of proper age to commence this lawsuit.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer PEARCE MARTINEZ, Shield No. 5461 ("Martinez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant MARTINEZ is sued in his individual and official capacities.

9. Defendant Police Officer MARTINEZ at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

10.  Defendant Police Officer LENNY LUTCHMAN, Shield No. 17480 ("Lutchman"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant LUTCHMAN is sued in his individual and official capacities.

11. Defendant LUTCHMAN at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights

12. At all times relevant defendants John Doe One through Five were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John Doe One through Five.

13. At all times relevant times herein, defendants John Doe One through Five were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John Doe One through Five are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

15. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

16. The City was at all material times the public employer of defendant officers named herein.

17. Defendant XYZ Corp. is as fictitious name for the entity doing business as NEW YORK FRIED CHICKEN, INC. (hereinafter "New York Fried Chicken") and the registered name of New York Fried Chicken is not known. New York Fried Chicken is a New York domestic business corporation.

18. Defendant New York Fried Chicken operated a pizzeria at 102 Saratoga Avenue, Brooklyn, New York.

19. Defendant RAHMAN MUHIBUR, at all relevant times, is and/or was an employee of New York Fried Chicken.

20. Defendant New York Fried Chicken retained, hired and employed, at all relevant times, defendant RAHMAN MUHIBUR to work in the pizzeria located at 102 Saratoga Avenue.

## FACTUAL ALLEGAIONS

21. Plaintiff is an African-American male.

22. On or about July 7, 2015, at approximately 4:00 pm, plaintiff patronized New York Fried Chicken pizzeria located at 102 Saratoga Avenue in Kings County.

23. Defendant RAHMAN MUHIBUR, a New York Fried Chicken employee, falsely informed defendant police officers that he observed plaintiff taking two boxes of pizza and salt and pepper shakers from the restaurant without paying for said items.

24. Those allegations were completely false and defendant MUHIBUR knew them to be false.

25. While plaintiff was inside a corner store located at 421 Bainbridge Street, in the County of Kings, State of New York, defendant LUTCHMAN approached plaintiff and asked plaintiff to put his hands up.

26. Plaintiff immediately complied and put his hands up.

27. Shortly thereafter, defendant MARTINEZ rushed into the store and attacked plaintiff punching plaintiff about his face, head, and body repeatedly.

28. After defendant MARTINEZ handcuffed plaintiff, defendant LUTCHMAN continued hitting plaintiff with a baton forcing plaintiff's head onto a store's counter.

29. Plaintiff was screaming in pain as he felt suffocated and in severe pain.

30. Plaintiff then lost consciousness as he was dragged to an awaiting police vehicle by the defendants.

31. Plaintiff was then transported to a police precinct.

32. While at the precinct, plaintiff was in pain and asked for medical assistance, but was denied medical assistance for some time.

33. Plaintiff was then transported to a Woodhull Hospital by an ambulance.

34. Once at the hospital, a physician applied several stitches to seal plaintiff's facial wound.

35. Thereafter, plaintiff was transported back to the precinct.

36. At the precinct, the defendants falsely informed members of the Kings County District Attorney's Office that they observed plaintiff committing various crimes.

37. The allegations were false.

38. Ultimately plaintiff was taken from the police precinct to Brooklyn Central Booking.

39. False charges were levied against plaintiff in a County Criminal Court as it relates to the defendants.

40. Said charges against plaintiff were false.

41. Plaintiff made a number of court appearances before the case against plaintiff was dismissed.

42. Ultimately all charges against plaintiff were dismissed.

43. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

44. Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

45. The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation, embarrassment and also out of pocket expenses. All of the events complained of above have left physical injuries and emotional scars that the plaintiff will carry with him for the remainder of his life.

46. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or civilian so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct herself in any manner that

7

would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

47. All of the above was done in violation of federal and state law.

48. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature.

49. The conduct of the defendant officers in assaulting the plaintiff and denying her medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

50. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

    i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

    ii. Loss of his physical liberty;

51. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

    i. Freedom from the unreasonable seizure of his person;

    ii. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## FIRST CLAIM
### False Arrest,
### 42 U.S.C.§ 1983 against MARTINEZ, LUTCHMAN, MUHIBUR
### And JOHN DOE 1 through 5

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unreasonable Force
### against MARTINEZ, LUTCHMAN,
### And JOHN DOE 1 through 5

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**THIRD CLAIM**
**Malicious Prosecution**
**against MARTINEZ, LUTCHMAN, MUHIBUR**
**And JOHN DOE 1 through 5**

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

60. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of their constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there were no basis for the plaintiff' arrest, yet defendants continued with the prosecution, which was resolved in plaintiff' favor.

61. As a direct and proximate result of defendants' unlawful actions, plaintiff have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial
### against MARTINEZ, LUTCHMAN,
### AND JOHN DOE 1 THROUGH 5

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. The individual defendants created false evidence against Plaintiff.

64. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

65. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM

### Failure To Intervene
### against MARTINEZ, LUTCHMAN,
### AND JOHN DOE 1 THROUGH 5

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an

opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

69. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

70. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CLAIM
*Monell*

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

73. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

74. The City, has a policy or practice, of hiring, retaining and failing to supervise officers it knows have a tendency towards violence and to commit acts of excessive force against individuals.

75. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue

here and has failed to change its policies, practices and customs to stop this behavior.

76. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

77. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## SEVENTH CLAIM
### *Respondeat Superior* Liability
### Against New York Fried Chicken

78. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

79. The aforementioned conduct of the Defendants occurred while they were on duty and were within the scope of their authority as officers.

80. Thus, Defendant City of New York is liable to Plaintiff for their damages under the doctrine of *respondeat superior* for the actions of the officers.

## EIGHTH CLAIM

### Federal Conspiracy Claim
### under 42 U.S.C. 1983 and 1985
### Against all individually named defendants

81. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82. Defendants LUTCHMAN, MARTINEZ and John Does 1 through 5 conspired with defendants RAHMAN MUHIBUR to violate the rights of plaintiff under 42 U.S.C. 1983 and 1985.

83. Defendants LUTCHMAN, MARTINEZ and John Does 1 through 5 conspired with defendants RAHMAN MUHIBUR to engage in a joint venture to ensure that plaintiff would be falsely arrested.

84. Defendants LUTCHMAN, MARTINEZ and John Does 1 through 5 conspired with defendants RAHMAN MUHIBUR to engage in a joint venture to ensure that plaintiff would be maliciously prosecuted.

85. Te was an agreement by and between defendants LUTCHMAN, MARTINEZ and John Does 1 through 5 conspired with defendants RAHMAN MUHIBUR to violate plaintiff's rights.

86. At the time they engaged in this joint venture and conspired with each ot, defendants LUTCHMAN, MARTINEZ and John Does 1 through 5 conspired with defendant RAHMAN MUHIBUR knew that te was no probable cause for the arrest of plaintiff.

87. As a direct and proximate result, Plaintiff sustained damages and injury as a result.

## PRAYER FOR RELIEF

**WEFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:   May 25, 2017

Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:   All Defendants
       Corporation Counsel of the City of New York