# LUMER LAW GROUP

Attorneys At Law

225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
WWW.LUMERLAW.COM
(212) 566-5060

March 5, 2018

**By ECF**

Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Jennings v. City of New York, et al.,*
            17 CV 3172 (LDH) (PK)

Dear Judge Kuo:

      I am co-counsel for plaintiff Thomas Jennings and write in partial opposition to defendants' motion of February 26, 2018, for a protective order. While plaintiff has consented in large part to the terms of defendants' proposed protective order, defendants are insisting on two provisions that are improper or unfairly burdensome. Plaintiff is not opposed to the majority of the terms of the proposed order, but, as discussed herein, asks that the Court strike or decline to adopt ¶ 2(C) and ¶ 16, should the Court decide to issue such an order.

## The Protective Order Generally

      As a general matter, the plaintiff understands that protective orders are routinely entered into in cases such as these to cover specific materials, such as the defendants' personnel records and disciplinary histories. Similarly, case specific information is often also included, such as photographs of the officers, medical records of the defendants or of the plaintiff where they reach beyond the scope of the claims, and other information where there is a just and proper basis to treat the information as confidential.

      It is well established that "[t]he burden of persuasion falls on the party seeking the protective order." *Janfeshan v. U.S. Customs & Border Prot.*, 2018 WL 741369, at *3 (E.D.N.Y. Feb. 7, 2018) (citing *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010). Moreover, "[g]ood cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *Id.* (quoting *In re Sept. 11 Litig.*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (citing *In re Terrorist Attacks on Sept. 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006))). It is incumbent upon the movant to provide such specifics as general allegations of

**LUMER LAW GROUP**

Hon. Peggy Kuo
March 5, 2018
Page -2-

harm do not suffice: "[u]nder Rule 26(c), the moving party must establish 'particular and specific facts' rather than 'conclusory assertions' that justify the imposition of a protective order." *Coggins v. Cty. of Nassau*, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014) (quoting *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005)).

Notwithstanding the above, the undersigned has entered into dozens, if not hundreds, of such orders over – almost always without any judicial intervention – and is not adverse to entering into one in this case. Indeed, plaintiff repeatedly offered to do so if the defendants would consent to the same terminology offered by the Law Department in *Payne* v. City of New York, 17 CV 717 (FB) (LB), following a conference before the Hon. Lois Bloom. A copy of that protective order, as issued by the Court, is annexed as **Exhibit 1**.

However, the defendants are insisting on two paragraphs that are not acceptable to plaintiff. These are ¶ 2(C) and ¶ 16. Plaintiff agrees with defendants that counsel have discussed these issues repeatedly and at length, and have exchanged various edits and proposed changes. Notably, as discussed below, defendants' terms for ¶ 16 have actually become more onerous, and the proposed paragraph before the Court is more restrictive than what was originally proposed.

Defendants' position with respect to the disputed paragraphs is not reasonable and, with respect to ¶ 2, contrary to standard discovery practice. Accordingly, plaintiff asks that the Court, if it is inclined to otherwise issue a protective order strike ¶¶ 2(C) and 16.

**Paragraph 2(C)**[1]

The defendants are asking that the Court make the names and contact information for every non-party witness, without exception. (See Defs' Exh. A at ¶ 2(C)). The defendants offer a broad statement about the Law Department's duty to protect the public and non-party witnesses, but offer absolutely no specific basis for the this language, other than that Rahman Muhibir was a complaining witness in the underlying criminal complaint. Given that (a) I repeatedly offered to take Muhibir's contact information on an attorneys-eyes only basis, and, most notably, (b) in their proposed ¶ 5 the defendants expressly provided this very information would be attorneys-eyes only.

Thus, as ¶ 5 resolves any issues with respect to the one complaining witness, purported concerns for this witness's safety are wholly immaterial to ¶ 2(C), which makes the

---

[1] As the defendants have proposed a modified version of ¶ 2(D), plaintiff will refrain from addressing defendants' statements about training materials other than to say that plaintiff has not requested any such discovery from defendants and thus the issue of whether such materials might be properly deemed confidential is not before the Court.

LUMER LAW GROUP

Hon. Peggy Kuo
March 5, 2018
Page -3-

identity and contact information for every single non-party confidential. Under this approach, the names and addresses of the medical care providers who treated plaintiff, other police officers with knowledge or information, and plaintiff's own witness(es), would all be deemed confidential, as a matter of course. This is an absurd requirement. It is long settled that Fed. R. Civ. P. 26(b) sets forth the manner in which a party can seek to limit the disclosure of certain materials that are otherwise discoverable. The defendants seek to circumvent that by stating simply that all identifying information about all non-parties is confidential. That provision has no place here, particularly when the piece of information that would arguably be subject to protection – Muhibir's contact information – is already covered by ¶ 5.

**Paragraph 16**

This paragraph requires that "the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to the Producing Party" unless the Producing Party consents to its destruction. This is a needless and burdensome request. This issue is frequently addressed in the City's stipulated confidentiality agreements precisely the way the City proposed in *Payne* in ¶ 15. (Exh. 1).

Notably, the defendants here include the very same language from *Payne*'s ¶ 15 in the defendants' ¶ 17. Charitably, one could reconcile defendants' ¶¶ 16 and 17 by concluding that defendants meant to say that the materials would remain confidential pursuant to ¶ 17 until plaintiff returned or destroyed the materials as required in ¶ 16. Such a reading is more than a bit of a stretch. The more likely reading is that the defendants' template proposed order simply provides that the terms and restrictions of the protective order will remain active and in place after the case is terminated.

Most importantly, the defendants' original proposed order (defendants' Exh. B), was far more appropriate. In the defendants' first version, their current ¶ 16 was numbered as ¶ 15, and contained the following clause: "Notwithstanding this provision, Plaintiff's attorneys may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose."

Thus, defendants were proposing that plaintiff must return or destroy all of the confidential materials at the close of the case, but could keep a copy of paperwork that incorporated the confidential materials, so long as their confidentiality was preserved. Plaintiff objected and we attempted to resolve the issue by citing to the *Payne* language as a fair and reasonable compromise by which confidentiality would be ensured without forcing plaintiff's counsel to comb through the files at the close of the case. Defendants not only refused, they responded by removing this initial clause from the paragraph to make the terms even more restrictive.

**LUMER LAW GROUP**

Hon. Peggy Kuo
March 5, 2018
Page -4-

Defendants suggest in their application that "Mr. Lumer has been unable to articulate a legitimate reason why this paragraph should be removed, and has refused defendants' invitation to suggest alternative language." (Defs. Letter at 3). This misstates both the facts and the law. It is defendants' burden to establish the need for such draconian relief, which they fail to do. In short, they offer no basis for imposing this additional responsibility on plaintiff and plaintiff's counsel when the burden for establishing the right to such relief lies with the movant. Moreover, as defendants are well aware, I repeatedly asked the defendants to rely simply on their ¶ 17 (i.e., the same language as used in *Payne*'s ¶ 15) in place of their ¶ 16. Thus, defendants' claim that I refused to discuss this provision or propose alternatives is flatly incorrect.

## Conclusion

For the foregoing reasons, plaintiff respectfully asks that, to the extent it is inclined to issue a protective order similar to that proposed by defendants, the Court strike defendants' proposed ¶¶ 2(C) and 16.

Thank you for your consideration.

Respectfully submitted,

Michael Lumer

Att.
cc:     All counsel of record (ECF)