FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 31 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

MARKISHA PAYNE, SAMARA DUDLEY, K.P., an infant under the age of 18, filed by her mother and natural guardian, SAMARA DUDLEY, and J.D., an infant under the age of 18, filed by her mother and natural guardian, MARKISHA PAYNE,

                                                       Plaintiffs,

-against-

EDWARD MEJIA, ANDREW VALENZANO, ADAN MUNOZ, PAUL ORTIZ, ANDRE BLAKE, EVAGELOS DIMITRIKAKIS, JUNER CEVALLOS, SOPHIA CARSON, EMRAH ATES, JOEL POLICHRON, and JOHN DOES 1-5,

                                                       Defendants.

-------------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

**17-CV-0717 (FB) (LB)**

       **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant must disclose certain documents and information to Plaintiffs;

       **WHEREAS**, pursuant to Rules 33 and 34, Plaintiffs may seek certain documents and information from Defendant pursuant to Plaintiffs' discovery demands in this action;

       **WHEREAS**, Defendant deems and/or may deem some of this information and documents to be confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

       **WHEREAS**, Defendant objects to the production of those documents unless appropriate protection for their confidentiality is assured;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for Plaintiffs and Defendant as follows:

1. This Action shall mean <u>Markisha Payne, et al. v. Edward Mejia, et al.</u>, 17-cv-0717 (FB) (LB).

2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

   (A) Employment/personnel related records, including performance evaluations;

   (B) Any other disciplinary histories or other records from Civilian Complaint Review Board, Internal Affairs Bureau, other New York City Police Department divisions or any other governmental agency;

   (C) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by Defendant or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiffs from sources other than Defendant, or (b) are otherwise publicly available.

4. Defendant shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to Plaintiffs' counsel. Defendant shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by Defendant shall be governed by the terms of the Stipulation of Confidentiality and Protective Order.

6. Defendant reserves the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiffs.

7. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. If Plaintiffs object to the designation of particular documents as "Confidential Materials," Plaintiffs shall state such objection in writing to Defendant, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within fifteen (15) days of receiving Defendant's response to Plaintiffs' objections, Plaintiffs shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

9. Plaintiffs' attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of Plaintiffs' case in this Action.

10. Plaintiffs' attorney shall not disclose the Confidential Materials to any person not a member of the staff of her law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiffs' case in this action, to those individuals described in the subparagraphs below.

   b. Disclosure before trial may be made only to Plaintiffs, to an expert who has been retained or specially employed by Plaintiffs' attorney in anticipation of

      litigation or preparation for this action, to a witness at deposition, or to the Court.

  c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), Plaintiffs' attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

11. Defendant or his counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendant or his counsel.

12. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, the parties filing those portions shall apply to the Court to file those papers under seal, in accordance with the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

13. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiffs may file redacted documents without further order of the Court.

14. In addition, where reasonable advance notice is given by Plaintiffs and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by Plaintiffs or at a trial on the merits in this matter, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the parties may apply to the Court to impose appropriate safeguards for the presentation of such Confidential Materials.

15. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiffs, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

16. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

17. Nothing in this Stipulation and Protective Order shall be construed to limit Defendant's use of the Confidential Materials in any manner.

MICHAEL LUMER
*Attorney for Plaintiffs*
Lumer Law Group
225 Broadway
New York, New York 11241

By: /s/ Michael Lumer
Michael Lumer

AMY RAMEAU
*Attorney for Plaintiff*
The Rameau Law Firm
16 Court Street
Brooklyn, New York 11201

By: /s/
Amy Rameau

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendant Mejia*
100 Church Street
New York, New York 10007

By: /s/ Brachah Goykadosh
Brachah Goykadosh
10/30/17

SO ORDERED:

/S/ Judge Lois Bloom
HON. LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
Dated: 10/31, 2017

# EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2017, entered into the action entitled <u>Markisha Payne, et al. v. City of New York, et al.</u>, 17-cv-0717 (FB) (LB), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____     Signature: _____

 

Print Name: _____

 

Occupation: _____

7