## I.   Caption:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

THOMAS JENNINGS,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, Police Officer
PEARCE MARTINEZ, Shield No. 5461, Sergeant
LENNY LUTCHMAN, Shield No. 17480, JOHN
DOE NUMBER 1 through 5, each officer in his
individual and official capacity as an employee of
the City of New York, XYZ CORP., a fictitious
name for the entity d/b/a NEW YORK FRIED
CHICKEN, INC., RAHMAN MUHIBUR, an
employee of XYZ CORP., a fictitious name for the
entity d/b/a NEW YORK FRIED CHICKEN, INC.,

                              Defendants.

-------------------------------------------------------------------- x

**JOINT PRETRIAL ORDER**

17 CV 3172 (LDH) (PK)

## II.   Parties and Counsel:

Attorneys for Plaintiff:

Amy Rameau
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, NY 11201
(718) 887-5536
amywmrameau@hotmail.com

Michael Lumer
Lumer Law Group
225 Broadway, Suite 2700
New York, NY 10007
(212) 566-5060
mlumer@lumerlaw.com

1

Attorney for Defendants City of New York, Police Officer Lenny Lutchman, and Police Officer Pearce Martinez:

Kaitlin Fitzgibbon
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
Work Tel: (212)356-5057
Fax: (212)356-3509
Email: kfitzgib@law.nyc.gov

## III. Jurisdiction:

Plaintiff's Statement:

Plaintiff's action sounds in a violation of his civil rights under 42 USC § 1983. Accordingly, this Court has subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1343. Venue is properly laid as the events complained of occurred in Kings County, which lies within the Eastern District of New York

Defendants' Statement:

Defendants do not dispute jurisdiction.

## IV. Claims And Defenses:

Plaintiff's Claims and Damages:

Plaintiff claims that defendants Pearce Martinez and Lenny Lutchman, acting individually and jointly, each used excessive force against him while effecting his arrest, and thereby violated 42 USC § 1983. Plaintiff also seeks to recover his legal fees and costs pursuant to 42 USC § 1988.

Plaintiff was caused to suffer physical and emotional injuries as a result of defendants' conduct in an amount to be determined at trial.

Defendants' Defenses:

1) Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress providing for the protection of civil rights.

2) Defendants Martinez and Lutchman have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to the defense of qualified immunity.

3) Any injury alleged to have been sustained resulted from plaintiff's own alleged culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any actions of the defendants.

4) To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

5) Plaintiff provoked any incident.

6) Plaintiff failed to mitigate damages.

## V.  Statement Of Damage And /Or Relief Sought:

Plaintiff is seeking monetary compensation for the physical and emotional injuries caused by defendants in an amount to be determined at trial.

## VI.  Anticipated Length Of Trial and Jury Or Bench Trial:

The trial will be by jury. The parties estimate that the trial will require three to four days, exclusive of deliberations.

## VII.  Consent to Trial by a Magistrate Judge:

The parties do not consent to a trial by a Magistrate Judge.

## VIII.  Stipulations of Fact or Law to Which All parties Consent:

There are no stipulations or agreed statements of fact or law.

## IX.  List or Prospective Witnesses:

Plaintiff intends to call the following witnesses at trial:

Plaintiff reserves the right to call any witness listed herein by defendants.

| Witness | Description | Defendants' Objections | Plaintiff's Response |
|---|---|---|---|
| Thomas Jennings | Witness will testify about the facts and circumstances surrounding his arrest and the defendants' use of force against him, as well as his injuries and damages. | None. | |

| | | | |
|---|---|---|---|
| Pearce Martinez | Witness will testify about the facts and circumstances surrounding the arrest of plaintiff and defendants' use of force against plaintiff. | None. | |
| Lenny Lutchman | Witness will testify about the facts and circumstances surrounding the arrest of plaintiff and defendants' use of force against plaintiff | None. | |
| NYPD Sgt. Steven Van Soest | Witness will testify about his observations of plaintiff at the station house, as well as his conversations with defendants concerning plaintiff's injuries and arrest. | F.R.E. 402, 403, and 802; irrelevant, cumulative, and hearsay; Sergeant Van Soest was not present during the alleged use of excessive force against plaintiff. | Testimony is probative not only as to plaintiff's injuries, but Martinez's false denials that he used force. |
| KCDA ECAB supervisor | Witness will authenticate and explain the KCDA's Screening Intake Sheet [Exhibit 12]. | F.R.E. 402, 403 and 802, irrelevant, confusing, a waste of time, and hearsay; plaintiff's malicious prosecution claim has been dismissed; vague and ambiguous because this individual has not been identified by name; this witness presumably lacks any personal involvement in the underlying incident; and this witness was not properly disclosed pursuant to F.R.C.P. 26. | Witness necessary to explain the document, which was produced by defendants during discovery, and contains party admissions by defendant Martinez. |

| | | | |
|---|---|---|---|
| Muhibir Rahman | Witness will testify about the facts and circumstances leading up to and including the arrest of plaintiff. | None. | |
| Anthony Gomez, M.D. | Witness will testify about medical records, diagnosis, and treatment rendered to plaintiff. | F.R.E. 402, and 403, irrelevant, confusing, cumulative, and a waste of time. | Witness is a treating physician with information concerning plaintiff's injuries, which is a central issue in this case. |
| Ping Lien, M.D. | Witness will testify about medical records, diagnosis, and treatment rendered to plaintiff. | F.R.E. 402, and 403, irrelevant, confusing, cumulative, and a waste of time. | Witness is a treating physician with information concerning plaintiff's injuries, which is a central issue in this case. |
| Kathleen Edouard, M.D. | Witness will testify about medical records, diagnosis, and treatment rendered to plaintiff. | F.R.E. 402, and 403, irrelevant, confusing, cumulative, and a waste of time. | Witness is a treating physician with information concerning plaintiff's injuries, which is a central issue in this case. |

| | | | |
|---|---|---|---|
| Records Clerk, Interfaith Hospital | Witness will authenticate medical records. | F.R.E. 402, 403 and 802, irrelevant, confusing, a waste of time, and hearsay; vague and ambiguous because this individual has not been identified by name; this witness presumably lacks any personal involvement in the underlying incident or in any medical treatment plaintiff received; and this witness was not properly disclosed pursuant to F.R.C.P. 26. | Witness only necessary if defendants refuse to stipulate to the authenticity of the medical records and their admissibility as business records. |
| Records Clerk, Woodhull Medical Center | Witness will authenticate medical records. | F.R.E. 402, 403 and 802, irrelevant, cumulative, confusing, a waste of time, and hearsay; vague and ambiguous because this individual has not been identified by name; this witness presumably lacks any personal involvement in the underlying incident or in any medical treatment plaintiff recieved; and this witness was not properly disclosed pursuant to F.R.C.P. 26 | Witness only necessary if defendants refuse to stipulate to the authenticity of the medical records and their admissibility as business records. |

| Witness | Description | | |
|---------|-------------|---|---|
| NYPD Comm. Technician | Witness will testify to the Radio Run and 911 recordings and the content of the SPRINT report as it relates to the transmissions which defendants claim they made during the pursuit of the plaintiff. | | |

Defendants' witnesses: [1]

| Witness | Description | Plaintiff's Objections | Defendants' Response |
|---------|-------------|------------------------|----------------------|
| Defendant Officer Lenny Lutchman, shield #17480 | Witness will testify to the facts and circumstances the facts and circumstances underlying plaintiff's arrest. | None | None |
| Defendant Officer Pearce Martinez, shield #5461 | Witness will testify to the facts and circumstances underlying plaintiff's arrest. | None | None |

## X.    Deposition Testimony:

Plaintiff's designation:

None at this time. Plaintiff reserves the right to supplement this response if any of the above witnesses are unavailable for trial.

---

[1] Defendants reserve their right to call any and all of plaintiff's witnesses listed above.

Defendants' designation:

Defendants are not designating any prior deposition testimony for their case-in-chief, but respectfully reserve the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment.

## XI.    Exhibits:

Plaintiff intends to introduce the following exhibits at trial:

| # | Exhibit | Objection and Basis: |
|---|---|---|
| 1 | Pearce Martinez memo book entries (DEF 1-3) | F.R.E. 402, 403, 802. Irrelevant, a waste of time, and hearsay. |
| 2 | Lenny Lutchman memo book entries (DEF 4-7) | F.R.E. 402, 403, 802. Irrelevant, a waste of time, and hearsay. |
| 3 | Arrest Report (DEF 8-10) | F.R.E. 402, 403 and 802. Irrelevant, a waste of time and hearsay. |
| 4 | Online Booking Scratch Sheet (DEF 24) | F.R.E. 402, 403 and 802. Irrelevant, a waste of time and hearsay. |
| 5 | Complaint Report (with redactions) (DEF 11-14) | F.R.E. 402, 403 and 802. Irrelevant, a waste of time and hearsay. |
| 6 | Complaint Report, Scratch (with redactions) | F.R.E. 402, 403 and 802. Irrelevant, a waste of time and hearsay. Defendants further object to the extent it is unclear what documents constitute this exhibit absent Bates Numbers. |
| 7 | Medical Treatment of Prisoner Form (DEF 29) | F.R.E. 402, 403, and 802. Irrelevant, cumulative, a waste of time, and hearsay. |
| 8 | Woodhull Medical Center records | F.R.E. 403, and 802. Confusing, cumulative, a waste of time, and hearsay. |
| 9 | Interfaith Hospital records | F.R.E. 402, 403, 802. Confusing, cumulative, a waste of time, and hearsay. |

| | | |
|---|---|---|
| 10 | Google Street Map (Dep Exh. 1) | FRE 402, 403, 802, 901 and FRCP 26. Irrelevant, confusing, a waste of time and hearsay. |
| 11 | Google Street Map (Dep. Exh. 2) | FRE 402, 403, 802, 901 and FRCP 26. Irrelevant, confusing, a waste of time and hearsay. |
| 12 | KCDA Screening Intake Form (for impeachment) (DEF 100-101) | F.R.E. 402, 403 and 802. Irrelevant, confusing, a waste of time, and hearsay. |
| 13 | SPRINT/I-CAD report (DEF 189-190) | F.R.E. 403, and 802. Confusing, cumulative, a waste of time, and hearsay. |
| 14 | Steven Van Soest IAB interview audio recording (for impeachment) (DEF 191) | F.R.E. 402, 403 and 802. Irrelevant, a waste of time, and hearsay. |
| 15 | Pearce Martinez IAB interview audio recording (for impeachment) (DEF 191) | F.R.E. 402, 403 and 802. Irrelevant, a waste of time, and hearsay. |
| 16 | Lenny Lutchman IAB interview audio recording (for impeachment) (DEF 191) | F.R.E. 402, 403 and 802. Irrelevant, a waste of time, and hearsay. |
| 17 | Rahman Muhibir IAB interview audio recording (for impeachment) (DEF 191) | F.R.E. 402, 403 and 802. Irrelevant, a waste of time, and hearsay. |
| 18 | Video footage of arrest at 421 Bainbridge | F.R.E. 402, 403 and 901. Irrelevant, a waste of time, and authenticity. |
| 19 | Video footage from 102 Saratoga Avenue | F.R.E. 402, 403 and 901. Irrelevant, a waste of time, and authenticity. Plaintiff's false arrest claim was dismissed. This video does not depict the use of force at issue. |
| 20 | Photograph of Plaintiff (P 50) | Defendants reserve objections based upon authentication and relevance under FRE 402, 403, and 901. |

| 21 | CCRB recordings[2] | F.R.E. 402, 403, 802 and FRCP 26. Irrelevant, a waste of time, and hearsay. Defendants further object on the grounds that the CCRB investigation is currently pending thus, the parties do not have access to the investigation file—which includes any recordings—as the law enforcement privilege prevents disclosure of information or documents pertaining to a pending investigation. |
| --- | --- | --- |

Defendants intend to introduce the following exhibits at trial:[3]

| # | Exhibit | Objection[4] and Basis: |
| --- | --- | --- |
| A | 911 Audio (DEF 96) | FRE 402 and 403. Irrelevant and cumulative. |
| B | Audio of NYPD Radio Runs (DEF 96) | FRE 403. Confusing and misleading. |
| D | Warrant #B2015500393 (DEF 20) | FRE 402 and 403. Irrelevant and prejudicial. |
| E | Warrant #B2014204027 (DEF 21) | FRE 402 and 403. Irrelevant and prejudicial. |
| F | Plaintiff's Statements to IAB, including audio file (for impeachment) | No objection |
| G | Plaintiff's Notice of Claim, dated September 28, 2015 (for impeachment) | FRE 403. Confusing and misleading. |
| H | Transcript of Plaintiff's 50-h Hearing, dated March 16, 2016 (for impeachment) | Plaintiff reserves his objections until defendants identify the pages and lines they seek to introduce. |

---

[2] Defendants have advised that CCRB conducted an investigation and substantiated certain charges against the defendant officers, but no materials from this investigative file have been produced to date. Plaintiff hereby reserves the right to utilize any audio recordings, statements, or other evidence gathered by the CCRB, once it is produced.

[3] Defendants reserve the right to use and/or introduce any exhibit designated by plaintiff, and further reserve the right to designate additional exhibits, including impeachment and rebuttal exhibits.

[4] Plaintiff reserves the right to object to any of defendants' listed exhibits if the introduction is not made through a proper witness and for a proper purpose.

| | | |
|---|---|---|
| I | Transcript of Plaintiff's Deposition, dated March 27, 2018 (for impeachment) | Plaintiff reserves his objections until defendants identify the pages and lines they seek to introduce. |
| J | Plaintiff's RAP Sheet (for impeachment) | FRE 402 and 403. Irrelevant, confusing, prejudicial. |
| K | Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff dated December 1, 2017 (for impeachment) | Plaintiff reserves his objections until defendants identify the request(s) and response(s) they seek to introduce. |
| L | Plaintiff's complaint, dated April 7, 2016, see Docket Entry No. 1 (for impeachment) | Plaintiff reserves his objections until defendants identify the paragraph(s) they seek to introduce. |
| M | Non-party witness Muhibir Rahman Statements to IAB, including audio file (for impeachment) | No objection (but notes that defendants have objected to plaintiff's inclusion of this same exhibit as Ex. 17). |
| N | Transcript of Muhibir Rahman's Deposition, dated June 20, 2018 | Plaintiff reserves his objections until defendants identify the pages and lines they seek to introduce. |

Dated:     New York, New York
September 12, 2018

AMY RAMEAU
*Attorney for Plaintiff*
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, NY 11241

By: _A Rameau / mm_
Amy Rameau

MICHAEL LUMER
*Attorney for Plaintiff*
Lumer Law Group
225 Broadway Suite 2700
New York, NY 10007

By: _ML_
Michael Lumer

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City, Lutchman and Martinez*
100 Church Street
New York, New York 10007

By: _Kaitlin Fitzgibbon 9/12/18_
Kaitlin Fitzgibbon

SO ORDERED:

_____
HON. LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
Dated: _____, 2018