UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THOMAS JENNINGS,

                Plaintiff,

   -against-                     **17 CV 3172 (LDH) (PK)**

PEARCE MARTINEZ, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION IN LIMINE**

Attorneys for Plaintiff

Amy Rameau, Esq.
THE RAMEAU LAW FIRM
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759

Michael Lumer, Esq.
LUMER LAW GROUP
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ iii

ARGUMENT .......................................................................................................................... 1

    POINT I    DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING PLAINTIFF'S FINANCIAL STATUS AND EMPLOYMENT HISTORY ...................................................................... 1

    POINT II    DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF PLAINTIFF'S PRIOR CONVICTIONS ............................................................................ 2

        A.    Fed. R. Evid. 609 Not a Basis for Admission .............................. 3

            1.    The Convictions Are Inadmissible under Fed. R. Evid. 609(a)(1)(A) ....................................................... 3

            2.    The Convictions Are Inadmissible under Fed. R. Evid. 609(a)(2) ........................................................ 4

        B.    Plaintiff's Convictions Should Be Precluded under Fed. R. Evid. 403 ............................................................................. 5

    POINT III    DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING OR INQUIRING INTO PLAINTIFF'S BENCH WARRANTS AND ARREST HISTORY ........................................................................................ 7

    POINT IV    DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING THE PLEADINGS, NOTICE OF CLAIM, AND DISCOVERY RESPONSES ........................................... 8

    POINT V    DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING DEPOSITION AND 50-H TRANSCRIPTS ............................................................................. 9

POINT VI   DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING THE 911 CALL OR RADIO RUNS .......................................................................................... 10

POINT VII   DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING TESTIMONY ABOUT THE DEFENDANTS' MILITARY SERVICE, COMMUNITY SERVICE, CIVIC SERVICE AND COMMENDATIONS ............................................................................... 12

CONCLUSION ............................................................................................................... 14

# **TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                                          <u>Page</u>

*Daniels v. Loizzo,*
986 F.Supp. 245 (S.D.N.Y. 1997) ............................................................................... 5

*Djangmah v. Falcione,*
2013 WL 6388364 (S.D.N.Y. Dec. 5, 2013) ............................................................... 3

*Eng v. Scully,*
146 F.R.D. 74 (S.D.N.Y. 1993) ................................................................................... 5

*Stephen v. Hanley,*
2009 WL 1471180 (E.D.N.Y. May 21, 2009) ............................................................. 5

*U.S. v. Ortiz,*
553 F.2d 782 (2d Cir. 1988) ......................................................................................... 5

*United States v. Estrada,*
430 F.3d 606 (2d Cir. 2005) ......................................................................................... 4

*United States v. Matera,*
489 F.3d 115 (2d Cir. 2007) ......................................................................................... 1

*United States v. Reyes,*
18 F.3d 65 (2d Cir. 1994) .............................................................................................. 1

*United States v. Scott,*
677 F.3d 72 (2d Cir. 2012) ........................................................................................... 2

*United States v. Watts,*
934 F. Supp. 2d 451 (E.D.N.Y. 2013) ......................................................................... 3

*United States v. White,*
692 F.3d 235 (2d Cir. 2012) ......................................................................................... 1

<u>Federal Rules</u>

Fed. R. Evid. 401 .......................................................................................................... 1, 7

Fed. R. Evid. 403 .................................................................................................... 1, 3, 5-8, 12

Fed. R. Evid. 404(b) ..................................................................................................................... 2

Fed. R. Evid. 609 ......................................................................................................................... 5

Fed. R. Evid. 609(a) ................................................................................................................... 3, 4

Fed. R. Evid. 609(a)(1) ............................................................................................................... 3, 5

Fed. R. Evid. 609(a)(1)(A) ............................................................................................................. 3

Fed. R. Evid. 609(a)(2) ............................................................................................................... 3, 4

## State Statutes

N.Y. Penal Law §165.30(1) ............................................................................................................ 2

N.Y. Penal Law §205.30 ................................................................................................................. 2

N.Y. Penal Law §215.50(3) ............................................................................................................ 2

N.Y. Penal Law §221.10(01) .......................................................................................................... 2

N.Y. Penal Law §240.20 ................................................................................................................. 2

N.Y. Penal Law §70.15(2) .............................................................................................................. 3

## Treatises

4 Weinstein's Federal Evidence § 609.04[3][a] .............................................................................. 5

## ARGUMENT

### POINT I

### DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING PLAINTIFF'S FINANCIAL STATUS AND EMPLOYMENT HISTORY

The defendants should be precluded from seeking to introduce evidence concerning plaintiff's financial status, job history, and the financial arrangements within his household. These areas of testimony would serve only to smear, embarrass, or otherwise impugn plaintiff, while providing no probative value to the jury. Accordingly, such evidence should not be permitted at trial.

To be admissible, under FRE 401 and 403, evidence must be both (1) relevant and (2) not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012); *see also United States v. Matera*, 489 F.3d 115, 121 (2d Cir. 2007) ("The district court is commanded by Rule 403 to weigh the probative value against the unfair prejudice."). The evidence at issue here fails both tests.

Plaintiff's work and financial history have no bearing on the central factual dispute in this case, i.e., whether Martinez and Lutchman used excessive force against plaintiff and caused him injury. Issues relating to plaintiff's various jobs and means of support are not relevant to his veracity nor does it tend to make any of the parties' claims or defenses more or less likely to be true. *See United States v. Reyes*, 18 F.3d 65, 72 (2d Cir. 1994) (finding reversible error where prejudicial effect of admitted evidence "was considerable and

far exceeded the minimal or non-existent probative value of the evidence"); *United States v. Scott*, 677 F.3d 72, 78 & n.5 (2d Cir. 2012) ("While crimes, wrongs, or bad acts may be more likely than other kinds of acts to demonstrate criminal propensity and thus be inadmissible for that reason under Rule 404(b), the Rule itself is in no sense limited to such acts" and covers "any conduct of the defendant which may bear adversely on the jury's judgment of his character"). Put simply, these areas of inquiry are of no probative value and are immaterial. At the same time, these areas of inquiry would embarrass plaintiff and improperly suggest to the jury that plaintiff's financial resources and employment history are somehow material to their consideration and evaluation of the evidence or the ultimate verdict in the case.

## POINT II

**DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF PLAINTIFF'S PRIOR CONVICTIONS**

As per his rap sheet, which defendants are seeking to introduce as Exhibit J, the plaintiff has previously been convicted of five misdemeanors and one violation. Most recently, in April 2017, plaintiff was convicted of disorderly conduct pursuant to N.Y. Penal Law §240.20, which is a violation, and not a criminal offense. Between May and August 2013, plaintiff was convicted three times for Criminal Contempt pursuant to N.Y. Penal Law §215.50(3), and once for resisting arrest under N.Y. Penal Law §205.30. All four convictions were Class A misdemeanors. Plaintiff was also convicted in November 2009 of fraudulent

accosting under N.Y. Penal Law §165.30(1), which is also a Class A misdemeanor. Plaintiff's sentences have ranged from simple conditional discharges to continuing orders of protection to run from 30 to 60 days. No jail time has ever been imposed on plaintiff, as reflected in defendants' Exhibit J.

As none of these crimes were felonies, they are inadmissible under Fed. R. Evid. 609(a)(1)(A). Because none concerned a dishonest act or false statement, they are inadmissible under Rule 609(a)(2). Additionally, admissibility of prior convictions is also subject to a Rule 403 analysis. In this case, even were the Court to find that any of these prior convictions was otherwise admissible, their disproportional harmful impact of their admission compels preclusion.

### A.   Fed. R. Evid. 609 Not a Basis for Admission

#### 1.   The Convictions Are Inadmissible under Fed. R. Evid. 609(a)(1)(A)

As an initial matter, while Rule 609(a)(1) generally permits introduction of any conviction, subject to the temporal limitations of sub-section (b), the provision is expressly limited to crimes punishable by more than one year imprisonment, which, in New York, means felonies. See e.g., *Djangmah v. Falcione*, 2013 WL 6388364, at *12 (S.D.N.Y. Dec. 5, 2013); *United States v. Watts*, 934 F. Supp. 2d 451, 489–90 (E.D.N.Y. 2013) . In this case, plaintiff's prior convictions were, at most, for Class B misdemeanors, which are punishable by no more than 90 days. N.Y. Penal Law §70.15(2). Thus, none of these convictions may be admitted under sub-section (a)(1).

2. <u>The Convictions Are Inadmissible under Fed. R. Evid. 609(a)(2)</u>

It is equally clear that none of these convictions satisfies the requirements of Rule 609(a)(2). As the Second Circuit has made clear:

> In defining 'dishonesty or false statement' for purposes of Rule 609(a)(2), the Conference Report on the Federal Rules emphasized that it was referring to convictions 'peculiarly probative of credibility,' such as those for 'perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on [a witness's] propensity to testify truthfully.'

*United States v. Estrada*, 430 F.3d 606, 616 (2d Cir. 2005) (quoting H.R. Conf. Rep. No. 93–1597, 2d Sess., at 9 (1974), reprinted in 1974 U.S.C.C.A.N. 7098, 7103). Here, none of the convictions, save one, come remotely close to the requirements of Rule 609(a)(2).

With respect to the conviction for fraudulent accosting, it must be noted that plaintiff was convicted of sub-section one, which references approaching a person in a public place with an <u>intent</u> to defraud the person through, as opposed to sub-section two, which concerns the actual making of fraudulent statements or engaging in actual conduct designed to swindle or con a person and defraud that person of their money. Plaintiff's sentence for this crime – which was entered more than nine years ago – was a conditional discharge and three days community service. The connection between this misdemeanor offense and fraud is reed-thin, to put it mildly. There is no evidence of any real attempt at fraud, and it would grossly distort plaintiff's criminal history to treat a minor misdemeanor to which plaintiff plead guilty nine years ago and was sentenced to a few days community service as indicative

of a lack of veracity. Therefore, none of these convictions are inadmissible under either or both prongs of Rule 609(a).

B.  **Plaintiff's Prior Convictions Should Be Precluded under Fed. R. Evid. 403**

Assuming *arguendo* that one or more of plaintiff's criminal convictions were admissible for some other purpose, they must be precluded under Rule 403 as they are unduly prejudicial and lack any substantive probative value. As a general matter, Rule 609(a)(1) requires that courts consider the probative value of a felony conviction in light of its prejudicial effect. *Daniels v. Loizzo,* 986 F.Supp. 245, 250 (S.D.N.Y. 1997) ("[a]s amended in 1990, Rule 609 now explicitly provides that prior convictions of all witnesses other than a criminal defendant, including witnesses in civil actions, shall be admitted subject to Rule 403." (citing Fed. R. Evid. 609(a)(1); 4 Weinstein's Federal Evidence § 609.04[3][a], at 609-36 (1997)); *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (same). It is settled that, when balancing probative value against prejudicial effect under Rule 609(a)(1), courts are to consider the following factors: (1) the impeachment value of the prior crime; (2) the remoteness of the prior conviction; (3) the similarity between the past crime and the conduct at issue in the present litigation; and (4) the importance of the credibility of the witness. *Daniels*, 986 F.Supp. at 250.

The single most important factor central to this analysis is whether the prior crime is particularly probative of credibility. See *Stephen v. Hanley*, 2009 WL 1471180 at *4 (E.D.N.Y. May 21, 2009) ("[p]aramount among the factors to consider in the balancing analysis is whether the crime, by its nature, is probative of the lack of veracity" (citing *United*

5

*States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1988))). Here, none of the more recent convictions implicate or suggest dishonesty. As for the one exception, notwithstanding the prejudicial weight of the statute's title, fraudulent accosting is a minor offense, and in plaintiff's case, an ancient singular event for which plaintiff was arrested once in September 2009, when he was 18 years-old. There have been no repeat offenses and none of his subsequent convictions come close to suggesting a tendency to defraud or otherwise implicate his credibility. In short, this antiquated conviction offers little to no impeachment value.

On a broader level, these convictions serve no purpose other than to suggest plaintiff is a criminal, a bad actor, a bad person, and someone who perhaps deserved the beating these defendants inflicted on him, as a matter of moral balancing or karmic justice. Admission of the convictions would be unduly prejudicial as the fact of these convictions would not assist the jury in assessing any of the parties' testimony, or their claim and defenses, while tainting his character in a manner that simply cannot be undone. Accordingly, even if there were some basis for otherwise admitting any of plaintiff's prior convictions, such evidence would be misleading and grossly prejudicial, and thus should be precluded under Rule 403.

### POINT III

### DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING OR INQUIRING INTO PLAINTIFF'S BENCH WARRANTS AND ARREST HISTORY

Plaintiff has been arrested on occasions that did not lead to convictions and has previously failed to appear in court on scheduled dates. Evidence about these arrests and warrants, including Defendant's Exhibits D and E (bench warrants) and Exhibit J (rap sheet), should be precluded as the evidence is wholly irrelevant to the sole cause of action to be tried and thus is not admissible under Rules 401 and 402. Moreover, even were the Court to find that plaintiff's prior arrests by other officers on other dates were somehow probative of whether these defendants used excessive force on this occasion, the evidence is deeply prejudicial and , should not be admitted under Rule 403.

Plaintiff does not deny that there were two open bench warrants for him at the time of this arrest. One, Exhibit D, flowed from plaintiff's failure to appear in court during prosecution for violating local Department of Transportation Rule TR4-04(E), which bans pedestrians from hitchhiking and soliciting rides. The other, Exhibit E, concerned a similar failure during a prosecution for not properly leashing his dog. Neither offense rose to the level of a crime and plaintiff was in no danger of being imprisoned on either. More importantly, neither plaintiff nor the defendants were aware of the open warrants until well after plaintiff was in custody.

The salient point here is that while these warrants would be relevant to the existence of probable cause for plaintiff's continued detention from the moment of

discovery until his arraignment if plaintiff were pursuing a false arrest claim, plaintiff withdrew this claim on September 11, 2018. The fact that plaintiff warranted twice on minor, non-criminal matters, does not make any of the disputed facts at issue in this case more or less likely to be true, and thus the evidence is not admissible under Rule 402. At the same time, the evidence is plainly prejudicial, as it depicts plaintiff as an irresponsible recidivist, which is the obvious basis for defendants' attempted use of these exhibits. Such a distorted portrait would only serve to inflame the jury for entirely impermissible purposes and should be precluded under Rule 403.

**POINT IV**

**DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING THE PLEADINGS, NOTICE OF CLAIM, AND DISCOVERY RESPONSES**

Defendants have stated that they intend to use the plaintiff's notice of claim, discovery responses, and his complaint for impeachment purposes. (See JPTO, defendants' Exhibits G, K, and L). As the matter is not yet ripe, it is difficult to address defendants' prospective use of these exhibits at this time. Accordingly, plaintiff reserves his right to object to introduce these documents as exhibits until such time that defendants attempt to do so, at which point the record will be sufficient to articulate more specific objections.

However, under no set of circumstances should defendants be permitted to put the entirety of these documents before the jury. From a Rule 402 standpoint, the only arguably probative evidence would be that sliver of information that defendants are using to

impeach the witness on a specific point. The remainder of the document would be entirely superfluous. Indeed, not only would the balance of the complaint or discovery response be useless to the jury, it would present an abundance of confusing, off-point, and misleading information that would take any reasonable juror on a journey well off the path of proper inquiry. More precisely, the jury should not be told of the various claims and affirmative defenses that are not at issue at trial. Similarly, there is nothing to be gained from the entirety of the parties' discovery demands and responses. Accordingly, plaintiff reserves his specific objections to the use of these materials until such a time that defendants' seek to use some part of either exhibit.

POINT V

**DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING DEPOSITION AND 50-H TRANSCRIPTS**

Defendants should be precluded from introducing the deposition and 50-H examination transcripts of plaintiff and non-party Muhibir Rahman they have identified as Exhibits I and N. As an initial point, defendants acknowledge in the JPTO that they are not designating any deposition testimony for use in their case-in-chief and that they intend to use these transcripts for impeachment purposes. To the extent that defendants may seek to impeach either plaintiff or Rahman with questions that reference their deposition testimony, plaintiff will reserve any objection until the issue arises. However, plaintiff has no objection to such a practice in general terms. What plaintiff does object to is the idea that the

transcripts themselves are exhibits that can be submitted to the jury. Even where deposition is read to a jury, the deposition transcript is not itself an exhibit to be published. To the extent that a jury wishes to hear that testimony again during deliberations, it can be read back from the trial transcript.

**POINT VI**

**DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING THE 911 CALL OR RADIO RUNS**

Defendants should not be permitted to introduce either Rahman's call to 911 to report a knife-point robbery (Exhibit A) or the audio file that supposedly contains the defendants' various communications over the police radio (Exhibit B).

The 911 call should be precluded because it is hearsay that offers no probative value but yet is inflammatory and confusing. In the call, Rahman tells a police operator, in sum, that two men just robbed his pizzeria at knife point and fled down Saratoga Avenue. There is no dispute that Rahman made this call and made statements to this effect. It is also agreed that defendants Martinez and Lutchman responded to the pizzeria, spoke with Rahman, and went off to search for the two alleged perpetrators. It is further clear that the defendants then encountered plaintiff in a bodega and arrested him for his purported involvement in the robbery. It was during this arrest that both defendants violently assaulted Thomas Jennings.

Plaintiff agrees that the statements by Rahman to the defendants about the alleged robbery are relevant and plaintiff is not seeking to preclude such statements by

10

Rahman directly to the defendants. Not because these statements were true – indeed, video from the pizzeria (plaintiff's Exhibit 19) conclusively demonstrates that there was no robbery, no knife, and no attempted or actual assault of any sort — but for the supposed impact upon the defendants.

However, Rahman's statements to the 911 operator are not probative as this conversation was between Rahman and an operator to which neither defendant was privy. This call by Rahman resulted in a dispatcher relaying certain information over the radio, and it was this communication by the dispatcher that defendants heard. What Rahman specifically said to the dispatcher is not at issue here as plaintiff is not challenging that Rahman made a 911 call and reported a knife-point robbery by two black males. The defendants can certainly testify that they heard the radio broadcast about a robbery at 102 Saratoga Avenue, reported to that location, and spoke with Rahman about that event. The 911 recording, however, is irrelevant hearsay evidence and thus is inadmissible under Rule 401 and 402.

At the same time, the introduction of such evidence would wrongly suggest to the jury that the phone call recording in fact contains meaningful and relevant evidence. It is also cumulative of the defendants' anticipated testimony about their conversations with Rahman. Thus, the 911 recording should also be precluded on Rule 403 grounds.

The radio run recording is an audio file that contains a series of exchanges over a police radio frequency that may or may not contain broadcasts to or from the defendants. It most certainly contains broadcasts by other officers and operators concerning

11

matters entirely unrelated to the matter before the Court. There are numerous reports by unidentified persons that appear to relate to events occurring elsewhere in the City at the same time as the events at issue in this trial, but the quality of recording is spotty and there is a problematic lack of clarity to the recording as a whole.

   The radio run file is extremely confusing and difficult to hear clearly, and given it's dubious probative value, ought to be precluded under Rule 403. If the defendants are actually seeking to introduce specific portions of this recording, they ought to identify them with precision. Plaintiff can then determine whether he has any objection to those excerpts. However, as offered, defendants' Exhibit B should be precluded.

POINT VII

**DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING TESTIMONY ABOUT THE DEFENDANTS' MILITARY SERVICE, COMMUNITY SERVICE, CIVIC SERVICE AND COMMENDATIONS**

   Defendants should be precluded from presenting any testimony and/or evidence of the defendants' military service, community service, or any other civic involvement or professional commendations, as such testimony would lead to improper bolstering of the defendants' character and propensity for good deeds, and would be unduly prejudicial to plaintiff pursuant to Rule 403. This prohibition should extend to all non-party witnesses as well under the same reasoning. That a witness has served in the military, for example, has no bearing on his or her truthfulness. Yet, it is self-evident that veterans are afford a certain deference and respect, and thus the jury may well evaluate these witnesses'

testimony differently than they would if they were unaware of the witnesses' military service. Put most simply, these factors do not make any witness more or less credible or truthful, and thus evidence of such unrelated service would be improper bolstering, as it would wrongly enhance the officers' credibility. Accordingly, any reference to defendants' military history, community service, and civic service should be excluded.

**[Remainder of Page Intentionally Blank]**

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the Court preclude defendants from introducing the evidence and issues set forth herein, and grant all other relief that this Court deems necessary and appropriate.

Dated:   New York, New York
            December 12, 2018

Attorneys for Plaintiff

THE RAMEAU LAW FIRM
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759

s/Amy Rameau
_____
By: Amy Rameau, Esq.


LUMER LAW GROUP
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

s/Michael Lumer
_____
By: Michael Lumer, Esq.

cc:    All counsel of record (By ECF)