# LUMER LAW GROUP

### Attorneys At Law

225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
WWW.LUMERLAW.COM
(212) 566-5060

January 10, 2019

**By Hand**

Hon. LaShann DeArcy Hall
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Jennings v. Martinez, et al.,**
                **17 CV 3172 (LDH) (PK)**

Dear Judge DeArcy Hall:

      We represent plaintiff Thomas Jennings and write to respectfully request permission to modify the joint pretrial order by substituting one medical treater for another as a witness with respect to plaintiff's treatment immediately following his arrest. It is plaintiff's understanding that both defense counsel are on vacation this week. Still, I have attempted to reach both attorneys by phone and email but have not yet received a response. Under the circumstances, and in light of the upcoming conference on January 15, we believed the motion should be filed promptly.

      Plaintiff was taken to Woodhull Medical Center by the NYPD on the date of his arrest, where he was treated and received sutures above his eye. Anthony Gomez, M.D., was the attending physician who oversaw the treatment. He was named in plaintiff's disclosures and listed as a witness in the JPTO. However, it appears that plaintiff was physically sutured by Samuel Germain, P.A., and so plaintiff asks that he be permitted to call Mr. Germain rather than Dr. Gomez.

      Plaintiff recognizes that Mr. Germain was not identified previously, but this oversight should not have any preclusive effect. Dr. Gomez was identified, and the medical records produced, long ago. The defendants made no effort to depose Dr. Gomez (nor did they seek to depose any of the other medical witnesses identified by plaintiff in discovery) at any time. Thus, the omission of Mr. Germain had no practical impact on the discovery or litigation of this case in any manner.

**LUMER LAW GROUP**

Moreover, as reflected by defendants' decision to forego the above depositions, there is no meaningful dispute over the medical records or treatment plaintiff received at Woodhull Medical Center. The distinction between the two witnesses is immaterial to the disputes that are to be resolved at trial and would have no impact on the length of the trial. More importantly, defendants would not suffer the slightest prejudice from plaintiff's proposed substitution.

Thank you for your consideration.

Respectfully submitted,

Michael Lumer

cc:     All counsel of record (By email)